# SEPTEMBER TERM 1979

## No. C-1709

**Continental Oil Company, a Delaware corporation v.
Leo N. Bradley and William D. Johnson**

(602 P.2d 1)

Decided September 10, 1979.                    Rehearing denied October 22, 1979.

Ireland, Stapleton & Pryor, P.C., Robert C. Hawler, Diane J. Acker, for petitioner.

Reeves, Turner & Robinson, V. James Robinson, Jr., Ronald K. Reeves, for respondents.

*En Banc.*

CHIEF JUSTICE HODGES delivered the opinion of the Court.

Appellees-lessors, Bradley and Johnson, brought an unlawful detainer action in the Jefferson County Court against appellant-lessee, Continental Oil Co., alleging that Continental Oil had defaulted in its rent payments by ceasing to operate a full service station on the leased premises and by ceasing to pay any rental on gallonage handled. The county court granted judgment in favor of the lessors and on appeal the district court affirmed. We granted certiorari and now affirm the district court's judgment.

The facts are not in dispute. In 1960 the parties entered into a ten-year lease which contained options for two five-year renewals. The lease authorized Continental Oil to operate a gasoline station on the land and to build any facilities necessary for that purpose. Paragraph three of the lease provided for a rental based on the gallonage of gasoline with a monthly minimum of $250:

"Lessee agrees to pay the following rent for said premises: one and one-half cents (1 1/2¢) per gallon on all gasoline delivered by lessee into the tanks located on the herein described premises. However, in no event shall rental payments be less than Two Hundred Fifty Dollars ($250.00) per month."

Pursuant to the lease agreement, Continental Oil constructed and operated through a franchise dealer a service station from April 14, 1960 until November 29, 1977. During the 1970's rental payments averaged $750 per month. On November 29, 1977, the dealer cancelled the franchise agreement and Continental Oil closed the station. Continental Oil continued, however, to pay a monthly rental of $250 to lessors. After giving Continental Oil three-day's notice to quit on March 6, 1978, the lessors commenced the present unlawful detainer action in the Jefferson County Court.

This case raises an issue of first impression in Colorado: Does a service station lease, which provides for rent to be based on the amount of gallons of gasoline delivered but subject to a fixed minimum, impose an implied obligation on the lessee to continue operating the service station during the full term of the lease?

In considering this issue, we are guided by the principle that the court's role in contract interpretation is to effectuate the intent of the parties. *See, e.g., Centennial Enterprises v. Mansfield Development Co.,* 193 Colo. 463, 568 P.2d 50 (1977). Continental Oil readily concedes that the primary intent of the parties in entering into the lease was the construction and operation of a gasoline station. It asserts that there was no intention, however, to obligate the lessee to use the premises as a gasoline station for the full term of the lease.

Relying on the rental provision which it deemed the "substance" of the agreement, the trial court found that it was the intent of the parties that there would be a continued operation of the service station on the premises. Paragraph three of the lease provides for a rental payment of 1

1/2¢ per gallon of gasoline delivered to the station. Without an on-going service station operation, no basis would exist to calculate the rent. To construe the lease as not requiring continued operation of the business would nullify this essential part of the lease. *See Simhawk Corporation v. Egler,* 52 Ill. App.2d 449, 202 N.E.2d 49 (1964). By inserting into the lease the phrase "in no event shall rental payments be less than Two Hundred Fifty Dollars ($250.00) per month", the parties intended to set a floor to the amount of gallonage payments and not to provide an alternative basis of computing the rent.

We hold that the county court's findings are supported by evidence in the record. Accordingly on appeal, the district court correctly affirmed the county court's judgment.

Judgment affirmed.

JUSTICE LEE does not participate.